## Augustine W. Wright et al., Partners, etc., v. George Avery, Adm'r, etc.

1. VERDICTS—*Upon Conflicting Evidence.*—When there is a serious conflict in the evidence, it is the duty of the jury, who see the witnesses and hear them testify, to reconcile the contradictory statements if they can, or if that is impossible, to decide upon which side the truth lies. To warrant a court of appeal in disturbing the finding of the jury, it should be so manifestly against the weight of the evidence that the court can say without hesitation that it ought not to stand. And under this rule the court, on a careful examination of the whole record, declines to disturb the finding in this case.

Trespass on the Case, for personal injuries. Appeal from the Circuit Court of Will County; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the December term, 1896. Affirmed. Opinion filed June 26, 1897.

HILL, HAVEN & HILL, attorneys for appellants.

REYNOLDS & PURKHISER and JOHN C. PATTERSON, attorneys for appellee.

MR. JUSTICE CRABTREE DELIVERED THE OPINION OF THE COURT.

This was an action on the case, brought by appellee as administrator of the estate of William Freeman, deceased, to recover damages for injury to the means of support of the next of kin. Deceased was killed in consequence of being struck with a stone, thrown from a blast fired by the servants of appellants, on May 4, 1895, while working upon the Sanitary Drainage Canal near the city of Lockport, in said Will county.

There was a trial by jury and verdict for appellee for $2,500. A motion for new trial being overruled, there was judgment on the verdict.

Appellants bring the case to this court and insist upon a reversal, mainly for the reason, as they claim, that the verdict is against the weight of the evidence. It does not

seem to be very seriously urged that the instructions were erroneous, nor is there any complaint that the trial court erred in admitting or rejecting evidence, so that substantially the only question for our determination is one of fact.

It appears from the evidence that on May 4, 1895, appellants were operating a certain section fifteen of the Sanitary Drainage Canal, upon which they were engaged in excavating and removing from the line of the canal, rock, gravel and stone, and that in carrying on such operations they used dynamite and gunpowder for blasting purposes, holes being drilled in the rock and loaded with the explosives, which were subsequently discharged by means of an electric battery. That the deceased was employed by one Dion Geraldine on section fourteen of the same drainage canal, being the section adjoining and immediately north of the one operated by appellants.

There is no dispute as to the fact that deceased was killed by a stone thrown from a blast fired by the servants of appellants, and the negligence charged is, failing to give proper or necessary signals that the blast was about to be fired, so that persons in the vicinity could get out of the way and avoid the danger. Whether or not such signals were given, was the material question in the case, it being substantially conceded that a failure to give them before firing the blast would be such negligence on the part of appellants as to render them liable for damages occurring as a result of such failure. On this subject there was a serious conflict in the evidence, and it was for the jury, who saw the witnesses and heard them testify, to reconcile the contradictory statements if they could, or if that were impossible, then to decide upon which side the truth lay.

As was said in Corwith v. Colter, 82 Ill. 588, " There is an irreconcilable conflict in the material portions of the evidence and it was for the jury to determine the preponderance, and we can not interfere. In cases of such conflict what, on paper may appear to be slight circumstances, when seen and heard, may, and frequently do, have a controlling influence in determining the weight to be given to the

evidence. Many things in a trial in the court below can never be brought to this court, and they frequently properly control the finding of a jury. They have the witnesses before them, and their manner of testifying can not be transferred to paper, and hence, all aids to the jury, derived from that source, can not be considered by the Appellate Court."

This language is peculiarly applicable to the case at bar, and even though upon the face of the record a count of the witnesses might show a greater number testifying that the signal was given than to the contrary of that proposition, yet that fact alone would not authorize us to set aside the verdict. To warrant us in disturbing the finding of the jury, it should be so manifestly against the weight of the evidence that we could say without hesitation it ought not to stand. This we can not do in the state of the record.

The jury not only found a general verdict for appellee, but were required to find specially as to whether or not any signal was given before the blast was fired. On this question, thus specifically called to their attention, the jury found against appellants, and the judge who tried the cause and heard the witnesses testify, having the same opportunities for observation that the jury had, permitted their verdict to stand. The presumption is that the judge who tried the cause has done his duty as well as that the jury have done theirs. For anything that we can know, it may have appeared to the court and jury that the decided weight of the evidence was manifestly with the appellee, and we must therefore leave the credibility of the witnesses and the worth of the evidence to the jury, where the law places it. On a careful examination of the whole record we decline to disturb the finding in this case.

The instructions complained of are the usual "stock" instructions, almost invariably given in cases where there is a sharp conflict in the evidence, and only lay down well known rules regarding the credibility of the witnesses and the preponderance of the evidence. We find in them no error of a reversible nature.

The judgment of the Circuit Court will be affirmed.